UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERTO MANUEL
FERNANDEZ,

       Petitioner,

     v.                        Case No.:  2:26-cv-01110-SPC-DNF

DHS/ICE *et al*,

       Respondents,

                             /

## OPINION AND ORDER

Before the Court are petitioner Alberto Manuel Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Manuel Fernandez is a native of Cuba who entered the United States on July 29, 1962.  On September 29, 1992, Manuel Fernandez pled guilty to threatening a crime with the intent to terrorize, willful cruelty to a child, and exhibiting a deadly weapon.  On February 22, 2005, he pled guilty to multiple counts of forcible rape.  After his release from prison in 2014, Immigration and Customs Enforcement ("ICE") took him into custody.  ICE released him under an order of supervision on November 26, 2014.

On September 24, 2025, Immigration and Customs Enforcement ("ICE") revoked Manuel Fernandez's release and took him into custody.  ICE unsuccessfully attempted to remove him to Mexico on December 5, 2025.  Manuel Fernandez is currently detained at Alligator Alcatraz.  He argues his

detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Manuel Fernandez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Attempts to remove Manuel Fernandez to Cuba and Mexico have failed. Cuba will not accept him for repatriation, and Manuel Fernandez states Mexico rejected him due to multiple medical conditions. The burden shifts to the government. ICE makes a vague claim that Manuel Fernandez did not comply with removal to Mexico, but it offers no evidence to rebut his claim that Mexico rejected him for medical reasons. The Court finds no significant likelihood Manuel Fernandez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given

Manuel Fernandez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Alberto Manuel Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Manuel Fernandez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Manuel Fernandez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record